IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN BIGOSKI-ODOM, | No. 2:12-CV-0197-KJM-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| SOLANO COUNTY JUSTICE CENTER, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

1

1  This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,
2  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied
3  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon
4  which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must
5  allege with at least some degree of particularity overt acts by specific defendants which support
6  the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is
7  impossible for the court to conduct the screening required by law when the allegations are vague
8  and conclusory.

9  Plaintiff names the following as defendants: Solano County Justice Center, Solano
10 County Sheriff Gary R. Stanton, Marsh, and Firman. Plaintiff claims that he has not been
11 provided necessary and prescribed HIV medication since June 2011. Plaintiff does not, however,
12 state how any of the named defendants participated on the alleged constitutional violation. To
13 state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link
14 between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't
15 of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person
16 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he
17 does an affirmative act, participates in another's affirmative acts, or omits to perform an act
18 which he is legally required to do that causes the deprivation of which complaint is made."
19 Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations
20 concerning the involvement of official personnel in civil rights violations are not sufficient. See
21 Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth
22 specific facts as to each individual defendant's causal role in the alleged constitutional
23 deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).
24 / / /
25 / / /
26 / / /

1    As to the Solano County Justice Center, municipalities and other local
2 government units are among those "persons" to whom § 1983 liability applies.  See Monell, 436
3 U.S. at 690.  Counties and municipal government officials are also "persons" for purposes of
4 § 1983.  See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir.
5 1989).  A local government unit, however, may not be held responsible for the acts of its
6 employees or officials under a respondeat superior theory of liability.  See Bd. of County
7 Comm'rs v. Brown, 520 U.S. 397, 403 (1997).  Thus, municipal liability must rest on the actions
8 of the municipality, and not of the actions of its employees or officers.  See id.  To assert
9 municipal liability, therefore, the plaintiff must allege that the constitutional deprivation
10 complained of resulted from a policy or custom of the municipality.  See id.  A claim of
11 municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing
12 more than bare allegations that an individual defendant's conduct conformed to official policy,
13 custom, or practice.  See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.
14 1988).
15    Finally, as to Solano County Sheriff Stanton and other supervisory defendants,
16 supervisory personnel are generally not liable under § 1983 for the actions of their employees.
17 See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat
18 superior liability under § 1983).  A supervisor is only liable for the constitutional violations of
19 subordinates if the supervisor participated in or directed the violations.  See id.  The Supreme
20 Court has rejected the notion that a supervisory defendant can be liable based on knowledge and
21 acquiescence in a subordinate's unconstitutional conduct because government officials,
22 regardless of their title, can only be held liable under § 1983 for his or her own conduct and not
23 the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).
24 Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation
25 of constitutional rights and the moving force behind a constitutional violation may, however, be
26 liable even where such personnel do not overtly participate in the offensive act.  See Redman v.

1  Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

2  When a defendant holds a supervisory position, the causal link between such
3  defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v.
4  Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.
5  1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel
6  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
7  Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the
8  official's own individual actions, has violated the constitution."  Iqbal, 129 S.Ct. at 1948.

9  Because it is possible that the deficiencies identified in this order may be cured by
10 amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire
11 action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is
12 informed that, as a general rule, an amended complaint supersedes the original complaint.  See
13 Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to
14 amend, all claims alleged in the original complaint which are not alleged in the amended
15 complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if
16 plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make
17 plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be
18 complete in itself without reference to any prior pleading.  See id.

19 Plaintiff is warned that failure to file an amended complaint within the time
20 provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-
21 61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with
22 Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See
23 Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).
24 / / /
25 / / /
26 / / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

DATED: June 25, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE