**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RYAN BIGOSKI-ODOM, | No. 2:12-CV-0197-KJM-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| SOLANO COUNTY JUSTICE CENTER, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's first amended complaint (Doc. 10).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

1

1  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,
2  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied
3  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon
4  which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must
5  allege with at least some degree of particularity overt acts by specific defendants which support
6  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
7  impossible for the court to conduct the screening required by law when the allegations are vague
8  and conclusory.
9          Plaintiff names the following as defendants: Jessie, a physician's assistant;
10 Firman, a doctor; and the facility medical director of the Solano County Jail.[1]  Plaintiff claims:

> As of June 28th 2011 until November 2011 I was denied my HIV/AIDS medication.  When I was arrested on June 22nd 2011 I was brought to Solano County Jail from Kaiser Hospital in Vacaville CA with all my HIV/AIDS medication.  Upon intake with one of the many facility nurses I advised them of my condition and my HIV/AIDS medication was given to the facility nurse by detective Poltolaki from the Vallejo Police Department.  I was put in the infirmary of the jail and was given my HIV/AIDS medication on June 23rd 2011 and June 24th 2011.  I was then sent back to the hospital Kaiser in Vallejo on June 25th 2011 then released back in custody on June 28th 2011.  And from that day all the way until the beginning of November 2011 I was denied all my HIV/AIDS medication.  I expressed my concerns numerous times to the physicians assistant Mrs. Jessie, as well as Dr. James Firman who both told me they have been talking to the facility medical director about me and my condition and still nothing had been done.  I had quite a few blood draws done in between the time of June 28th 2011 until the beginning of November 2011.  I expressed my concerns about my blood work as well and that I was supposed to see a specialist since I was newly diagnosed with the disease right before I was incarcerated.  All my blood work was not good which I let hte physicians assistant Mrs. Jessie know and she conferred with the medical director of the facility as well as Dr. James Firman.  They were all aware of my condition and did absolutely nothing to remedy it.  I also asked on numerous occasions to see my specialists which I was also denied.  I knew my T-cell count was extremely low and that my viral load was extremely high and both of those levels pertain to my HIV/AIDS and because of those levels being what they were I was in bad shape medically and this was also known by the physicians assistant

---

[1]  The Clerk of the Court will be directed to update the docket to reflects these defendants and to terminate parties no longer named in the amended complaint.

1 | Mrs. Jessie, the facility Dr. James Firman, and the facility medical
2 | director. With just my T-cell count being as low as it was I could of very well been deathly ill. This was also known by medical staff. They knew that I was extremely stressed about my health and did nothing for five (5)
3 | months to help me which also constitutes cruel and unusual punishment.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily

3

activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

In this case, plaintiff claims that he was not provided his HIV/AIDS medications between June and November 2011 – a six-month period of time. Plaintiff has not, however, alleged facts showing that this delay in medical treatment caused any injury, let alone further injury. Plaintiff will be provided an additional opportunity to amend to allege facts showing his condition prior to June 2011 as compared to his condition after November 2011. Plaintiff is cautioned that failure to file an amended complaint within the time provided may result in dismissal of this action. See Local Rule 110.

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to terminate Solano County Justice Center, Marsh, and Stanton as defendants to this action and to add Jessie as a named defendant;

2. Plaintiff's first amended complaint (Doc. 10) is dismissed with leave to amend; and

3. Plaintiff shall file a second amended complaint within 30 days of the date of this order.

DATED: October 19, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE