IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN BIGOSKI-ODOM, | No. 2:12-CV-0197-KJM-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| FIRMAN, et al., | |
| Defendants. | |
| _____/ | |

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's second amended complaint (Doc. 15).

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

As with the first amended complaint, plaintiff names the following as defendants: (1) Jessie, physician's assistant; (2) Firman, physician; and (3) "the facility medical director for Solano County Jail & the County of Solano Forensic Medical Group." Plaintiff claims that, upon arrival at the Solano County Jail in June 2011, he informed prison officials of that he has HIV/AIDS and that he requires specific medications, which had been brought with him to the jail. He states that he was placed in the infirmary on June 22, 2011 and given his HIV/AIDS medications on June 23, 2011, and June 24, 2011, but that he vomited them up. He states that he could not keep down solid foods and that he was given a liquid diet and a "P.I.C. line" in his upper left arm while in the infirmary from May 25, 2011, through June 22, 2011. According to plaintiff, he was taken by ambulance to an outside hospital on June 25, 2011, and returned to the jail on June 28, 2011.

Plaintiff next claims that, from June 28, 2011, through the beginning of November 2011, he was denied his HIV/AIDS medications. He states that he told prison staff about his situation, particularly mentioning extreme pain and discomfort, headaches, body aches, lethargy, and anxiety. He indicates that he was again provided medications in November 2011 and that his symptoms diminished dramatically in January 2012 after his medications were in his system.

As to the named defendants – Jessie and Firman – plaintiff claims that Jessie and Firman both told him he should be seen at an outside hospital, but that this didn't happen until after November 2011 when he was taken to an outside hospital. Plaintiff does not state who is responsible for the delay between June 2011 and November 2011.

Finally, plaintiff claims that, on July 6, 2011 – during the period of his health deterioration between June 2011 and November 2011 – he was placed in the general population which caused him unnecessary exposure to possible infections, which his compromised immune system could not tolerate. Plaintiff does not state who released him to the general population.

## II.  DISCUSSION

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

/ / /

/ / /

1    Deliberate indifference to a prisoner's serious illness or injury, or risks of serious
2 injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at
3 105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental
4 health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is
5 sufficiently serious if the failure to treat a prisoner's condition could result in further significant
6 injury or the ". . . unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d
7 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).
8 Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition
9 is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily
10 activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See
11 Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

12    The requirement of deliberate indifference is less stringent in medical needs cases
13 than in other Eighth Amendment contexts because the responsibility to provide inmates with
14 medical care does not generally conflict with competing penological concerns.  See McGuckin,
15 974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to
16 decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.
17 1989).  The complete denial of medical attention may constitute deliberate indifference.  See
18 Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical
19 treatment, or interference with medical treatment, may also constitute deliberate indifference.
20 See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also
21 demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

22    Negligence in diagnosing or treating a medical condition does not, however, give
23 rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a
24 difference of opinion between the prisoner and medical providers concerning the appropriate
25 course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh,
26 90 F.3d 330, 332 (9th Cir. 1996).

Addressing plaintiff's first amended complaint, the court states:

> In this case, plaintiff claims that he was not provided his HIV/AIDS medications between June and November 2011 – a six-month period of time. Plaintiff has not, however, alleged facts showing that this delay in medical treatment caused any injury, let alone further injury. Plaintiff will be provided an additional opportunity to amend to allege facts showing his condition prior to June 2011 as compared to his condition after November 2011. . . .

In the second amended complaint, plaintiff now alleges that his condition deteriorated between June 2011 and November 2011. Therefore, this particular defect has been cured.

Other defects, however, are present in the second amended complaint. In particular, plaintiff has not alleged how either of the named defendants were responsible for causing the delay in medical treatment. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

In this case, plaintiff alleges that both defendants told him that he should be seen by an outside specialist. He does not, however, state how either defendant was responsible for the delay between June 2011 and November 2011. Similarly, to the extent plaintiff claims that his rights were violated when he was placed in the general population in July 2011 despite his compromised immune system, he does not state who placed him in the general population, or why.

5

The court will provide plaintiff with one final opportunity to amend the complaint consistent with the foregoing.

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint (Doc. 15) is dismissed with leave to amend; and

3. Plaintiff shall file a third amended complaint within 30 days of the date of this order.

DATED: February 5, 2013

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE